UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>IMANI M. SMITH,<br>Defendant. | Case No.: 5:26-po-00190-CDB<br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED<br>(Doc. 1)<br>ORDER DIRECTING COUNSEL FOR THE GOVERNMENT TO FILE A NOTICE OF APPEARANCE<br>**7-Day Deadline** |

Defendant Imani M. Smith is charged by citation with violation of 18 U.S.C. § 795 – Photographing and Sketching Defense Installations. (Doc. 1). Defendant presented himself to the Court for initial appearance on October 6, 2026, during which he was advised of his rights, the charge contained in the citation, and the maximum statutory penalties. (Doc. 3).

**Governing Legal Standard**

Where the charged crime is a "petty offense," such as a Class B or Class C misdemeanor, the government may proceed by issuing a citation or violation notice instead of seeking an indictment or filing an information or criminal complaint. *See* Fed. R. Crim. P. 58(b)(1). Such a citation or violation notice "is the functional equivalent of an indictment or an information." *United States v. McClure*, 364 F. Supp. 2d 1183, 1185 (E.D. Cal. 2005). In contrast, the government may undertake the trial of a Class A misdemeanor only upon an indictment,

information, or criminal complaint. *See* Fed. R. Crim. P. 58(b)(1); *United States v. Boyd*, 214 F.3d 1052, 1057 (9th Cir. 2000) ("The government may proceed with a case based on a violation notice if the case involves only a petty offense. … accusations of any offenses greater than petty offenses need the heightened accountability afforded by the procedures used to obtain an indictment, information, or complaint."). (internal citation omitted).

An indictment or information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging document is constitutionally adequate if it "contains the elements of the offense charged and fairly inform[s] a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "The requirement that a charging document must furnish a defendant with a sufficient description of the charge against him has long been recognized to serve a dual function, namely (1) to enable the defendant to adequately prepare his defense and (2) to enable him to plead double jeopardy against a second prosecution." *United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir. 1983) (citation omitted).

A citation fails to provide sufficient notice of elements and facts of the pending charge when it lists only the statute of violation, "without specifying a relevant subsection and without including any other facts, such as date, time or location." *United States v. Lawrence*, 755 Fed. Appx. 703, 704-705 (9th Cir. 2019). Commonly, where the citation is accompanied by a "statement of probable cause" that details the factual basis of the charge, such information "suffices for constitutionally adequate notice." *Id.*

A defective charging instrument that fails to charge an essential element of the crime must be dismissed. *See United States v. Kurka*, 818 F.2d 1427, 1431 (9th Cir. 1987).

**Discussion**

The citation charging Defendant with a violation of 18 U.S.C. § 795 (a Class A misdemeanor) does not appear to provide him an adequate description of the charge that either enables him to adequately prepare his defense or enable him to plead double jeopardy against a

second prosecution. Importantly, the "Statement of Probable Cause" section of the citation is blank and there is no extrinsic document attached to the citation setting forth any facts about the charge.

The citation sets forth that the offense occurred on July 3, 2026, at 5:42pm, and that the "Place of Offense" is "Bldg. 1001 West Gate, Edwards AFB." (Doc. 1). The section of the citation titled "Offense Description / Factual Basis for the Charge" provides in whole: "IVO [in violation of] 18 U.S.C. 795 illegal photography and videography of a federal installation."

The elements of 18 U.S.C. § 795 are:

1. A person made a photograph, sketch, picture, drawing, map, or graphical representation;
2. Of a military or naval installation or equipment;
3. That was defined by the President as being vital to the interests of national defense;
4. Without obtaining permission of the commanding officer; and
5. Without promptly submitting the product obtained to such commanding officer.

To begin with, the citation appears to be impermissibly duplicitous. A charging instrument is duplicitous when it joins two or more distinct and separate offenses in a single count. *See United States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1270 (D. Nev. 2019) (citing *United States v. Mancuso*, 718 F.3d 780 (9th Cir. 2013)). Here, the citation charges that Defendant unlawfully took both photography "and" videography of a "federal installation." Each of those distinct activities (photography and videography) implicates separately chargeable offenses. This implicates double jeopardy concerns under the Fifth Amendment to the U.S. Constitution.

Separately, the citation does not appear to adequately allege all elements of the offense or otherwise provide Defendant notice of essential facts supporting the charge. For instance, although the place of offense is identified in the citation as "Bldg. 1001 West Gate, Edwards AFB," it is unclear whether that is where Defendant was located when he allegedly committed the offense, or whether that landmark is either the military installation or equipment that was unlawful photographed and/or videoed. Furthermore, there are no facts asserted establishing or permitting the drawing of a reasonable inference that Defendant failed to obtain permission of the commanding officer prior to his engagement in the offense conduct and/or failed to submit the

subject of his photography/video to the commanding officer.

In short, the citation appears to provide inadequate notice of the charged offense in violation of Fed. R. Crim. P. 7 and 58, and the Fifth and Sixth Amendments to the U.S. Constitution, and, thus, must be dismissed. *See Kurka*, 818 F.2d at 1431 (9th Cir. 1987).

Because counsel for the United States of America has not filed a notice of appearance pursuant to E.D. Cal. Local Rule 182, the Court will email Assistant U.S. Attorney Luke Baty and Special Assistant U.S. Attorneys Cornelia Waugh and Jenelle Walden a courtesy copy of this order and direct them to file notices of appearance.

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERD that the United States of America shall show cause in writing within seven (7) days of entry of this order why this action should not be dismissed. The United States of America may comply with his order in the alternative by filing a motion to dismiss pursuant to Fed. R. Crim. P. 48(a).

And it is FURTHER ORDERED that counsel for the United States of America shall file a notice of appearance for all counsel of record within seven (7) days of entry of this order

IT IS SO ORDERED.

Dated: **October 7, 2026**

UNITED STATES MAGISTRATE JUDGE